## LULICH v. MIHALJEVICH

—

(February 2, 1931. Opinion and Decree.)

—

Hubert M. Ansley, of New Orleans, attorney for plaintiff, appellant.

B. Cuniffe, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiff, Lulich, and defendant, Milhaljevich, entered into an agreement for the wholesale marketing of oysters in New Orleans during the season of 1925-26. Mihaljevich was the owner or lessor of certain oyster beds, or planting grounds in Plaquemines parish and, desiring to establish his residence in the city of New Orleans, he found it advisable to enter into an arrangement with some one else to take charge of the production end of the business, and he therefore entered into an agreement with ·Lulich under which the latter was to secure the necessary labor and supplies and to supervise the dredging or fishing of the oysters from the beds, and to ship them to the former in New Orleans, or direct to customers. Mihaljevich was to make collections for all sales, to reimburse Lulich for all necessary expenses, and to remit to Lulich one-half of the remaining net profits.

Lulich, claiming that he has not been fairly dealt with by Mihaljevich, brings this suit and alleges that he is entitled to $1,214.32, of which $611.10 represents expenses claimed to have been incurred by him and $603.22 is said to be his share of the net profits of the venture.

Mihaljevich admits the making of the contract and that certain oysters were shipped thereunder, but contends that, as the net result of the operation, there was a profit of only $7.60. We find that defendant, in the court below, disputed the right of the plaintiff to bring suit for a specific sum, maintaining that the allegations of the petition showed that a partnership existed, and contending that, thus, a suit for an accounting was the only remedy afforded and was an essential prerequisite to a claim for a money judgment.

We are of the opinion that this exception was well founded and should have been maintained, because the allegations show beyond peradventure that the agreement entered into created a partnership and subjected the parties to the rules governing that relationship. It is true that the object of the partnership was the doing of only one thing, the marketing of a single season's crop of oysters. Nevertheless such a joint adventure is a partnership and is governed by all the laws pertaining thereto.

However, when the exception was overruled, defendant, without reservation of his rights thereunder, answered to the merits of the controversy, after which a rather complete verbal accounting, pro and con, was rendered.

The trial court rendered judgment dismissing plaintiff's suit and he has appealed.

The contract having been admitted, plaintiff bore the burden of proving only two things: (1) The quantity of oysters shipped, and (2) the expenses incurred by him.

Upon submission by plaintiff of proof on these points, the burden then shifted to defendant to show the total price received for the oysters and the net profits of the venture.

Matters of accounting are purely questions of fact, and it is evident that no useful purpose would be served by publica-

tion of an analysis of testimony relative thereto.

We feel that plaintiff has fully sustained the burden under which he was placed, but that the defendant has not produced such convincing evidence as should have been in his possession, and that, in many details, confirmation of his testimony is lacking. We have come to the conclusion that the gross sales made by defendant amounted to $1,816.50. We find that plaintiff also collected $120 for oysters sold by him, so that the gross sales made by both total $1,936.50. From this should be deducted plaintiff's expenses, which amounted to $430.11. We have deducted from the expenses claimed $180.99, being the total of two items which he admits he has not paid.

This leaves a net balance of $1,506.39. Plaintiff's share of this is $662.70. On this item, however, he has only claimed $603.22. Of this sum he has received $120 from the sale of oysters, so that he is due a net balance on this item of $483.22.

As expenses he has proved $430.11, so that he is also entitled to the reimbursement of that amount. It thus appears that the total due him is $913.33, but we are convinced that he has received in cash from defendant $300, so that the net result of the entire calculation is that he is entitled to a judgment for $613.33.

The judgment appealed from is annulled, avoided, and reversed, and there is now judgment in favor of plaintiff and against defendant in the sum of $613.33, with legal interest from April 3, 1926, and for all costs.

WESTERFIELD, J., absent and takes no part, HUGH C. CAGE, Judge of Civil District Court for Parish of Orleans, and Judge ad hoc, participating.